[PHILADELPHIA, JANUARY 24, 1829.]

## DAVIS *against* SHOEMAKER.

### IN ERROR.

The act of *March* 27th, 1713, for the limitation of actions, is not a bar to the recovery of rent reserved by indenture.

In an action of debt for rent reserved by indenture, the plaintiff may state in his declaration the substance of the demise, and is not bound to declare upon the deed; and, if to such a declaration the defendant pleads *Nil habuit in tenementis, actio non accrevit infra sex annos*, or any plea which is *prima facie* a good plea, no estoppel appearing on the record, the plaintiff may reply, that the lease was by indenture, and such a replication will not be a departure. ·.

Under the plea of *Nil debet* to a declaration stating a demise generally, the defendant may give the statute of limitations in evidence. (*Semble.*).

THIS was a writ of error to the District Court for the city and county of *Philadelphia*, where judgment had been entered for the defendant in error, upon the following declaration and subsequent pleadings:—

*James Davis*, late of the township of *Moyamensing*, in the county aforesaid, blacksmith, was summoned to answer *David Shoemaker*, of a plea that he render unto him the sum of two hundred and ten dollars, which he owes to and unjustly detains from him. And whereupon the said *David*, by *Henry Shoemaker*, his attorney, says, that whereas the said *David*, heretofore, to wit, on the third day of *July*, in the year one thousand eight hundred and ten, at the county aforesaid, demised to the said *James* a certain lot or piece of land, with the appurtenances, situate in the township and county aforesaid, to have and to hold the same to the said *James* for a certain term of years, to wit, for and during, and until the full end and term of seven years, to commence from the first day of *January* then next ensuing, and fully to be complete and ended: Yielding and paying, therefor, during the said term, to the said plaintiff the yearly rent of thirty dollars; that is to say, on the first day of *January*, in the year one thousand eight hundred and twelve, thirty dollars, and on the first day of *January*, yearly, in each succeeding year, thirty dollars for and during the said term. By virtue of the said demise, the said defendant entered into the said demised premises, with the appurtenances, and was possessed thereof henceforth until the first day of *January*, in the year one thousand eight hundred and eighteen, when a large sum of money, to wit, the sum of two hundred and ten dollars, the rent aforesaid for the space of seven years then elapsed became and was due and payable from the said defendant to the said plaintiff, and still is in arrear and unpaid to the said plaintiff, to wit, at, &c. aforesaid. Whereby an action hath accrued to the said plaintiff, to demand and have from the said defendant the sum of two hundred and ten dollars.

(Dàvis *v.* Shoemaker.)

And whereas also the said *James Davis* afterwards, to wit, on, &c. at, &c. aforesaid, was indebted to the said *David Shoemaker* in the sum of two hundred and ten dollars, for the use and occupation of a certain lot or piece of land, with the appurtenances of the said plaintiff, situate, &c., by the said defendant, and at his special instance and request, and by the sufferance and permission of the said plaintiff for a long space of time before then elapsed had, held, used, occupied and enjoyed, and to be paid by the defendant to the said plaintiff, when the said defendant should be thereunto afterwards requested. Yet the said defendant (although often requested so to do,) hath not as yet paid the said sum of two hundred and ten dollars above demanded, or any part thereof, to the said plaintiff. But he to do this hath hitherto wholly refused, and still doth refuse: To the damage of the said plaintiff of one hundred dollars, and therefore he brings his suit, &c.

In the District Court for the city and county of *Philadelphia, March* Term, 1825, No. 254.

James Davis.   &#125;
    ats.     &#125;   And the said *James Davis*, by *Edward D.* *David Shoemaker.* &#125; *Ingraham*, his attorney, comes and defends the wrong and injury, when, &c. and says that he does not owe the said sum of money above demanded, or any part thereof, in manner and form as the said *David Shoemaker* hath above thereof complained against him, and of this he the said *James* puts himself upon the country, &c.

And, for a further plea in this behalf, the said *James Davis,* by leave of the court here for this purpose first had and obtained, according to the form of the statute in such case made and provided, says, that the said *David Shoemaker* ought not to have or maintain his aforesaid action thereof against him, because he says, that the said several supposed causes of action in the said declaration mentioned did not, nor did any of them, accrue to the said *David Shoemaker* at any time within six years next before the commencement of this suit, in manner and form as the said *David Shoemaker* hath above thereof complained against him, the said *James Davis.* And this he the said *James Davis* is ready to verify; wherefore he prays judgment, if the said *David Shoemaker* ought to have or maintain his aforesaid action thereof against him, &c.

In the District Court for the city and county of *Philadelphia,* No. 254, *March* Term, 1825.

Shoemaker &#125;
    v.    &#125;   And the said *David Shoemaker*, as to the plea of
  *Davis.* &#125; the said *James Davis* by him first above pleaded, and whereof he hath put himself upon the country, doth the like.

(Davis *v.* Shoemaker.)

. And the said *David Shoemaker*, as to the plea of the said *James Davis*, by him secondly above pleaded, according to the form of the act of the general assembly of this commonwealth, passed the twenty-first day of *March*, in the year one thousand eight hundred and six, for the purpose, entitled, "An act to regulate arbitrations and proceedings in courts of justice," saith, that the said *James Davis* ought not to be admitted or received to plead the said plea by him secondly above pleaded, as to so much thereof wherein he alleges, "that the said several supposed causes of action in the said declaration mentioned did not, nor did any of them, accrue to the said *David Shoemaker*, at any time within six years next before the commencement of this suit," because he says, that the said *James Davis* contracted *in writing* with him for the possession of the said lot of ground, for a term of years, as aforesaid, dated the third day of *July*, in the year one thousand eight hundred and ten, the said contract being signed by and sealed with the seal of the said *James Davis*, and now here shown to the court; whereby it appears, that the said *James Davis* is justly indebted to the said *David Shoemaker* in the said several sums of money in the said declaration mentioned, and this the said *David Shoemaker* is ready to verify; wherefore he prays judgment if the said *James Davis* ought to be admitted or received against his own acknowledgment by his deed aforesaid to plead the plea by him lastly above pleaded in this suit; "that the said several supposed causes of action in the said declaration mentioned did not, nor did any of them, accrue to the said *David Shoemaker* at any time within six years before the commencement of this suit," &c.

In the District Court for the city and county of *Philadelphia*, *March* Term, 1825, No. 254:

David Shoemaker
v.
James Davis.

} And the said *James Davis* saith, that the said replication of the said *David Shoemaker* to the said second plea of him the said *James Davis*, and the matters therein contained, in manner and form as the same are above pleaded and set forth, are not sufficient in law for the said *David Shoemaker* to have or maintain his aforesaid action against him, the said *James Davis*, and that he, the said *James Davis*, is not bound by the law of the land to answer the same, and this he, the said *James Davis*, is ready to verify: Wherefore, for want of a sufficient replication in this behalf, he, the said *James Davis*, prays. judgment if the said *David Shoemaker* ought to have or maintain his aforesaid action against him, &c.

The errors assigned were, 1. That the act of *March* 27th, 1713, "for limitation of actions," was a bar to the action of the defendant in error, *Shoemaker*.

S.

(Davis *v.* Shoemaker.)

2. That the court below should have given judgment in favour of the said plaintiff in error, because the replication of the said *David Shoemaker* to the second plea of the said *James Davis* is a departure from the case made by the declaration of the said *David Shoemaker*.

*Ingraham,* for the plaintiff in error. First, as to the statute of limitations. The language of the act of assembly is not the same as that of the *English* statute, and a different construction must be the consequence. The words, "all actions of debt for arrearages of rent, *except* the proprietaries' quit rents," can only be satisfied by including the present action. The words of the *English* statute are simply, "all actions of debt for arrearages of rent," (*Ruffh. Stat. vol.* 3, 101;) and the judicial view taken of them would perhaps include this case, if the old decision in *Hutton's Reports*, (*Freeman* v. *Stacye, page* 109,) be law, which is very doubtful; but there can scarcely be a doubt that those who took the *English* statute for their guide intended to create a difference, by the use of words, "except the proprietaries' quit rents," as it is certain that the addition was not accidental; for it appears, by a reference to the Votes of Assembly, (vol. 2, page 124,) that the act of assembly was prepared under the direction of a lawyer. It is impossible not to apply, in relation to this alteration in the language of an act of assembly, evidently copied from the statute of *James*, the reasoning of Chief Justice Tilghman, in *Ewing* v. *Tees*, 1 *Binn*. 455, upon the *English* statute of frauds and our act of assembly upon the same subject. And this construction is fortified by the fact, that it was unnecessary to say a word upon the proprietaries' quit rents; for they would have been protected completely under the decision in *Hutton*, which took place in 1652, and was printed in 1682, more than thirty years before the act of assembly was passed. If the additional words be considered as merely evidence of the intention of the legislature, they are conclusive, and the clause will be properly read: "All actions of debt for arrears of rent shall be barred by the statute of limitations, except where such actions are brought by the proprietary for arrearages of quit rent." It is the more reasonable construction, because, after all, the obligation to pay is founded upon the occupation of the land by the lessee,—the indenture is mere inducement, and need not be set out in the declaration. And, though the party might recover in *covenant* upon the deed without occupation, he never could in *debt*. 1 *Saund*. 39.

*Second*. As to the pleadings.—Debt lies for use and occupation, where the demise is not under seal, 1 *Chit. Pl.* 98, because *indebitatus assumpsit* would lie. But the count for use and occupation is not sustainable where there is a demise by deed: it is meant to help a doubtful case, (2 *Chit. Pl.* 431,) which this was not, as *Shoemaker* had the deed himself, and replied that the demise was by deed, to the plea of the statute. This whole declaration would be

(Davis v. Shoemaker.)

sustained only by showing a parol demise; though the *first* count, standing by itself, would do, if the holding turned out to be by deed. The course here would have been for the plaintiff, as there was no demurrer to the declaration, to have nonprossed the second count.

The substance of this replication—which is very inartificially drawn—is a departure from the case made by the declaration, (*Marshall's Argument in Trueman v. Hurst*, 1 *T. R.* 40;) and the very mischief produced by a departure has occurred here. When the plea meets the case made by the declaration, the plaintiff shows another cause of action by his replication. It abandons the first case made to present another. The Lime-kiln case, (1 *Chit. Pl.* 635,) is in *point exactly*. The replication tenders us an issue upon a fact not set forth in the declaration at all, and perfectly immaterial, if the argument on the first point be right.

*Shoemaker*, for the defendant in error.—This action is debt for rent in arrear reserved by indenture, and was brought to recover of the plaintiff in error seven years' rent for a lot in *Moyamensing* township. The rent in this case is due by the lease. *Salmon v. Smith*, 1 *Saund.* 203, *n.* 1. *Duppa v. Mayo*, *Id.* 276, *n.* 1 and 2, *Eaton v. Jaques*, 2 *Doug.* 461; and authorities cited in that case. The declaration contains two counts: the first sets forth the orderly parts of the lease—the day of making it—the annual rent the tenant is to pay—the length of time he is to possess the land;—and concludes *per quod actio accrevit*. 1 *Chitty,* 346. The second is put in without stating the local situation of the premises, and is therefore merely surplusage, (1 *Chitty,* 618,) and forms no part of the case. 2 *Chitty,* 223, *notes d. and p.* In no part of the *narr.* is it stated that the lease is in writing, though, to entitle the plaintiff in error to recover, he must prove it so in evidence. It is the only instance where a deed may be given in evidence in support of a count in which it is not mentioned. 1 *Chitty*, 348. Authorities need not be cited to show, that at common law leases were valid without writing. Our act of assembly (*Purd. Dig.* 516,) makes them invalid three years after the making, if they are not put in writing. Then the question occurs, as this lease is for more than three years, whether the act of assembly has altered the manner of pleading, if the requisites of the act have been complied with. That it has not, the authorities are abundant to show. The law is, that where a statute makes writing necessary to the validity of a matter, when it was not so at the common law, the manner of pleading is not thereby altered: it may be given in evidence. 1 *Chitty*, 348. *Atty et al. v. Parish et al.* 4 *Bos. & Pull.* 104, 109. *Birch v. Bellamy*, 12 *Mod.* 540. 2 *Chitty*, 223, *note d.* 6 *Bac. Ab.* 395. The pleas of the plaintiff in error are *nil debet*, and the statute of limitations. Issue is joined on the first. The second is a plea, because no estoppel appeared on the record, but the defendant in error replied in bar to

(Davis *v.* Shoemaker.)

it, that the rent is reserved by indenture, and prayed the judgment of the court if the defendant ought to be admitted against his deed to plead that plea. The demurrer to this replication acknowledges the deed. *Stephens on Pl.* 159, 160. The defendant in error joins in demurrer, relying upon the estoppel now on the record, and prays judgment of his debt and damages. *Veale* v. *Warner,* 1 *Saund.* 325, note 4. *Speake* v. *Richards;* *Hob.* 206, 207. It is not merely matter of form to conclude an estoppel without *relying* on it, for by not doing so the party may often lose the advantage of the estoppel which the law gives him. Now, the question occurs, whether the defendant in error has not, in his replication to the plaintiff in error's plea of the statute of limitations departed from his case? What is his case? It is that the plaintiff in error leased a lot of him for seven years at thirty dollars a year, and that the whole rent is due. The replication says the lease is in writing, under his hand and seal. Does not the replication support and fortify this case? How can it be said that the defendant in error has committed a departure, when the replication supports and fortifies the declaration? 1 *Chitty,* 619, 622. *Richards* v. *Hodges,* 2 *Saund.* 84, *a. Note* 1. Why is not *nil debet* a plea when the deed is declared on in the first instance? Because it is not necessary to declare on it at all; and you shall not deprive the party of the advantage which the law gives him. *Jones* v. *Pope,* 1 *Saund.* 39, *n.* 3. 1 *Chitty,* 477. The remaining question on the record is, whether the statute of limitations is a bar to the action. It is no bar, because the action is *grounded on a contract with specialty.* *Purd. Dig.* 530. *Freeman* v. *Stacie, Hutton's Rep.* 109. *Hodsden* v. *Harridge,* 2 *Saund.* 66. *Richards* v. *Bickley,* 13 *Serg. & Rawle,* 395.

The opinion of the court was delivered by

Gibson, C. J.—The act of 1713, is copied nearly word for word from the 21 *Jac.* 1, *c.* 16; and, although the letter extends to all actions of debt for rent, it has been determined that the statute is a bar to the recovery of rent reserved only on leases by parol; a lease by indenture being equal to a specialty. (*Hutt.* 109, *pl.* 2.) The same principle is admitted in *Hodsden* v. *Harridge,* (2 *Saund.* 66.) And this construction is, no doubt, in accordance with the actual intent of the legislature; for it would have been nugatory to protect the lessee from an action of debt, and leave him exposed to an action of covenant, clearly maintainable on the indenture, to which the statute does not extend.

The remaining point is equally simple. It is settled, that in debt for rent, the plaintiff may state the substance of the demise without declaring on the deed; and where it is doubtful whether the lease were by indenture or parol, it is usual to do so, adding a count for use and occupation by way of further caution. (2 *Chitty on Plead.* 223, *note d.*) And to such a declaration the plaintiff may plead *nil*

. (Davis *v.* Shoemaker.)

*debet;* or, as no estoppel appears of record, *nil habuit in tenementis,* which is *prima facie* a good plea, and the plaintiff must thereupon reply that the lease was by indenture; for if he replies a sufficient estate in the premises generally, he waives the benefit of the estoppel. (1 *Saund.* 276, *note* 1.)  Here the defendant might have given the statute in evidence under *nil debet,* (*Salk.* 278, *pl.* 1;). but, having pleaded it, the plaintiff had no other course than to reply that the demise was by deed.   The demurrer to the replication was therefore properly overruled.

.       Judgment affirmed.