## SIMMONS *against* The COMMONWEALTH.

### IN ERROR.

An indictment is not vitiated by stating an offence to have been committed on *the first March* instead of the *first day of March*.
In an indictment for fornication and bastardy, an omission to state the sex of the child, is fatal.

THIS was a writ of error to the Court of Quarter Sessions of the county of *Philadelphia*, in which the plaintiff in error, *Henry Simmons*, was found guilty and sentenced upon an indictment for fornication and bastardy.    The indictment set forth that *Simmons*, " on the *first March*, in the year of our Lord one thousand eight hundred and twenty-eight, at the county aforesaid, &c., did commit fornication with a certain *Caroline Black*, and a bastard child on the body of her, the said *Caroline*, then and there did beget," &c.

Three errors were assigned in the judgment of the court of Quarter Sessions, of which the two following only are material, viz.

1. That the indictment stated no day of the month on which the offence, therein set forth, was committed.

2. That it did not state the sex of the child.

*Brewster*, for the plaintiff in error, cited 4 *Binn.* 541. 1 *Browne's Rep.* 59.    1 *Chitty's Crim. L.* 179, 217.    2 *Chitty's Crim. L.* 522.

*Coxe*, for the commonwealth, referred to *Duncan* v. *The Commonwealth*, 4 *Serg. & Rawle*, 449.

The opinion of the court was delivered by

TOD, J.—The expression *on the first March*, leaving out the words *day of*, careless as it is in an indictment, might be suffered to

(Simmons *v.* The Commonwealth.)

pass. But the omission of the sex of the child appears substantial error. In practice, throughout the commonwealth, I take the precedents to be uniform. In the *Commonwealth* v. *Pintard*, 1 *Browne*, 59, the omission was held fatal. Our method by indictment in these cases comes in lieu of the *English* proceedings of justices of the peace, by an order of filiation, in which the precedents invariably require the sex to be stated. In *Rex* v. *England*, 1 *Stra.* 503, this omission appearing, the order of the justices was reversed for that reason only. It is argued that the sex of the child is a matter wholly unconnected with the substance of the offence. Perhaps this is true. But it may as well be argued that the name of the mother is also a matter unconnected with the substance of the offence, and therefore might be omitted. And by the same rule, in every criminal case, it might be contended that it is sufficient to state the bare fact, or name of the crime, leaving out all the usual matters of circumstance and description. In these things precedent is law. But there is utility in the rule. Over and above the common reasons of the law for requiring minuteness of description in an indictment, there seems other reasons why, in this case, the record should identify the child as accurately as may be, as it affords almost the only evidence of the relation between the child and the father; a relation which, imperfect as it is, gives some rights and imposes some restraints. 1 *Com. Dig.* 459. *Macklin* v. *Taylor*, *Addis.* 212.

Judgment reversed.