### RICHMOND VS. THE STATE.

A judgment against the defendant in an action under the "Bastardy Act," will not be reversed for the failure of the complaint to state the *sex* of the child.

Evidence of what the complainant in such a case said during her confinement, as to the father of the child, is not admissible to confirm her testimony on the trial.

ERROR  to the Circuit Court for *Outagamie* County.

In a proceeding under  the  statute (ch. 37, R. S.) to compel the plaintiff in  error  to  support a child of which  he was al-leged to be the father,  judgment  was rendered against him in said court; and this action was brought to reverse said judg-ment.   The return to the writ is no longer found on the files of this court.   The errors assigned will, however, sufficiently appear from the opinion.

*G. H. Meyers*, for plaintiff in error, to the point that the complaint was fatally defective in omitting to state the *sex* of the child, cited Barbour's Cr. Law, 519, 525, 740–41; Wharton's Cr. Law, § 267, note E; *Simmons v. The Commonwealth*, 1 Rawle, 142; *Comm. v. Pintard*, 1 Browne (Pa.), 59; *Rex. v. England*, 1 Strange, 503; *Addis v. The Commonwealth*, 4 Binney, 541. The court erred in admitting the evidence as to complainant's statements made during her confinement.

*Em. B. Clark*, for the state, argued that complainant's statements were admissible as in cases of rape (3 Greenl. Ev., § 213); and to corroborate her testimony by showing consistency in her declarations. *State v. De Wolf*, 8 Conn., 93.

*By the Court*, COLE, J. It is objected that the complaint in this case is fatally defective for the reason that it omits to state the sex of the child. The proceeding is under chapter 37, commonly known as the bastardy act, and was instituted by the mother after the birth of the child. In such a case it is claimed to be an indispensable requisite of the complaint that it should state whether the child was a male or female. We were referred to a number of authorities upon this point, but we think they fail to sustain the position contended for by the counsel for the plaintiff in error. It is true it has been held in indictments for fornication, where of course the rules of criminal pleading, which require great minuteness and precision, govern, that the omission to state the sex of the child was a fatal defect, for which judgment would be reversed on error. *Simmons v. Commonwealth*, 1 Rawle, 142; *Commonwealth v. Pintard*, 1 Browne (Penn.), 59. See likewise *Rex v. England*, 1 Strange, 503. So also where it was the practice, on conviction of bastardy, to make a difference in the sum allowed or in the time the putative father was required to support the child whether it was male or female, then the sex of the child became a material circumstance, and there was reason for holding that it should appear in the indictment or complaint. See

*Commonwealth v. Pintard, supra; Addis v. Commonwealth,* 4 Binney, 541. But it is very obvious that the reason and principle of these authorities can have no application to the objection taken to this complaint. For under our statute no distinction is made in the amount allowed, or the time of the allowance, whether the child be a male or female. The object of our law is to enforce a natural duty and compel the father to support his offspring and indemnify and save harmless the public from all expenses necessary for that purpose. This is the manifest purpose of the statute, and it therefore does not seem to be very material that the complaint should show the sex in order that justice should be done in the premises. There is nothing in the language of chapter 37 which would seem to require that the sex of the child should appear in the complaint, and we are unable to say, upon general principles, that it must be stated. This objection must therefore be overruled.

On the trial of the cause the circuit judge asked the witness, Dr. Whittlesey, the medical attendant of the complainant during her confinement, the following question: "Was there anything said at the time the child was born, about who was the father of it?" This question was objected to on the part of the defendant, but the objection was overruled, and the witness was permitted to state that the complainant, at the birth of the child and afterwards, declared that the defendant was its father. It is now insisted that these declarations of the mother in respect to the paternity of the child were improperly admitted in evidence. If this position is correct, it is very easy to see how, under the circumstances, the admission of such testimony might have prejudiced the defendant. It would certainly tend very strongly to corroborate and strengthen the testimony of the complainant, who charged him with being the father of the child.

We are inclined to the opinion that these declarations should have been excluded from the consideration of the jury. The general principles and analogies of the law are opposed to let-

ting in proof of such declarations and we fail to perceive upon what ground they are admissible. It is suggested that the declarations of the mother during her travail, and afterwards, in respect to the paternity of her child are competent evidence upon the same ground and for a like reason that on trials for rape the declarations of the injured female made immediately after the offense are admissible, as affecting the credibility of her testimony. There are certainly most respectable authorities holding that on an indictment for rape, where the injured female is examined as a witness, her declarations and statements in respect to the injury, made recently after the commission of the offense, are admissible in evidence and may be proved by the persons to whom they are made, in confirmation of her testimony. See *The People v. McGee,* 1 Denio, 19; *Phillips v. State,* 9 Humphrey, 246, where this subject is well considered. See *Johnson v. The State,* 17 Ohio, 593; *Laughlin v. The State,* 18 id., 99. It will be observed, however, that these authorities cautiously restrict the rule to declarations made immediately after the commission of the offense, when the female would be less likely to give a false colouring to the circumstances, and there is the least danger of premeditation and artifice on her part. But when ample time is given for reflection and for fabricating a statement in regard to a particular fact occurring at some antecedent time, then such statement does not furnish the same satisfactory test of either the honesty or accuracy of the witness.

We have not been referred to any authority which shows that the declarations made by the complainant to Dr. Whittlesey as to who was the father of the child were admissible in evidence, while the general rules and analogies of the law would seem to exclude them. It is unnecessary to add that we have no statute which requires that it should be shown that the mother charged the defendant at the time of her travail with being the father of her child, and continued constant in her accusation, such as is found in some of the New England states,

a recollection of which might have misled the circuit judge on the trial.

The result of our views is that the judgment of the circuit court must be reversed, and a new trial ordered.