# The Directors of the Poor, &c., of Bucks County *versus* Dungan.

1. D. was convicted of fornication and bastardy, and sentenced to pay 75 cents per week for the child's support until it arrived at 7 years, &c. He could be discharged only upon compliance with this order: per CHAPMAN, P. J.

[Directors of the Poor *v.* Dungan.]

2. The order did not impose the obligation to support the child, coupled with the right to its custody : *Id.*

3. Until the child became a public charge, the directors would have no right to take it from its mother : *Id.*

4. No responsibility rests on a putative father beyond the consequences of the conviction, and no reciprocal right springs from the duty imposed on him by the law : *Id.*

5. D. claimed the custody of the child and offered to maintain it. The directors refused to allow the custody to him. *Held*, that he was not relieved from liability on his bond to indemnify the county : *Id.*

March 8th 1870. Before Thompson, C. J., Agnew and Sharswood, JJ. Read, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bucks county :* No. 329, to January Term 1870.

This was an amicable action and case stated, in which the Directors of the Poor, &c., of the county of Bucks were plaintiffs, and Thomas B. Dungan and Thomas Dungan, defendants.

The facts agreed on were as follows :—

At the April sessions 1864, Thomas B. Dungan, one of the defendants, was convicted of fornication and begetting a male bastard child, which was born in the month of February 1864; the usual sentence was passed upon him by the court; the said Thomas B. Dungan has paid all the costs of said prosecution, and the lying-in expenses, &c., but refused to pay the seventy-five cents a week for the support and maintenance of said bastard child. In the month of April 1864, a relieving order was granted by Henry Albright, Esq., a justice of the peace, and said child became a charge on the county. The child being too young to remove to the alms-house, the directors ordered, that the sum of seventy-five cents a week be paid to the mother, and directed that it remain with her until further orders. On the 21st day of May 1867, the said Thomas B. Dungan presented his petition to the directors, &c., setting forth that he was married and had no child or children, and was desirous of taking and adopting said child, and of supporting, educating and maintaining the same; and that he was willing and did pay all charges up to that time, to wit, the 21st day of May 1867. The directors refused to deliver said child to him, believing that the child was too young to be taken away from its mother; that he was not a proper person to have charge of said child, and that they had no power to deliver it to his custody.

If the court be of opinion that the offer of the said Thomas B. Dungan, as contained in his petition, discharged him and his surety Thomas Dungan, from all liability on his bond, given to the directors to indemnify the county, &c., then judgment to be entered in favor of the defendants, but if not, then judgment to be entered for the plaintiffs.

[Directors of the Poor *v.* Dungan.]

The opinion of the court below was delivered by Chapman, P. J., as follows:—

"At the April sessions of the Court of Quarter Sessions for Bucks county, Thomas B. Dungan was convicted of fornication and bastardy, in begetting a male bastard child on the body of Catharine Ann Cope. He was sentenced to pay a fine, the lying-in expenses, and the sum of seventy-five cents a week, to be computed from —— February 1864, for each and every week until the child should be seven years old, and to give bond and security for the performance of the order, and stand committed until complied with.

"The fine, costs and lying-in expenses were paid, and a bond with surety was given to the directors of the poor for the fulfilment of the order, but on his failure to perform it the child became a public charge. Whereupon the directors arranged with the mother to keep and maintain it for the sum of seventy-five cents per week. At a subsequent period, Thomas B. Dungan applied to them to be allowed to have the custody of the child, and proposed to educate and maintain it, and indemnify the county against further expense on its account, which application was declined by them. It is now contended that he and the surety in the bond are released from the obligation thereof.

"Whether they are or not, is the question to be decided.

"The bond was given in compliance with the sentence of the court, which was, that he should pay the sum of seventy-five cents per week for the support of the child until it should arrive at the age of seven years. It is only by a compliance with this order that he can be discharged. The sentence admitted of no such qualification as is now invoked in his behalf. It did not impose the obligation to support the child, coupled with the right to its custody; and yet, this is the condition upon which he asks the directors to take a new bond. Had a bond with such a stipulation been taken in the first place, whether it would have been valid or not, it is certain it would not have been in conformity with the sentence, for until the child had become a public charge, the directors would have had no right to take it from the custody of the mother.

"It having become a public charge by his default, and the condition of the bond being broken, and the sentence of the court disobeyed, what claim has he to demand a new contract and impose new terms? He does not propose to satisfy the condition of the bond by payment or a deposit of a sum equivalent to the requirements of the sentence, but merely to make a new arrangement. Now, clearly it is not for him to dictate the terms of his responsibility, they have already been fixed by the judgment of the court. Although the putative father, no responsibility rests on him beyond the consequences of his conviction, and that is but

[Directors of the Poor v. Dungan.]

for a limited period. The child is *nullius filius*. A duty has been imposed upon him by law, which he is to perform *sub modo*, and no reciprocal right springs out of such duty. This being so, having none as father, he is without remedy. The sentence of the court was inflicted upon him as a punishment and with a view to indemnification; neither it nor the conviction gave him any right of control, nor did either give the child any rights beyond what are specified.

" But even supposing this child were legitimate, and had, by the omission of the father to provide for its support, become a public charge, it may be well questioned whether, viewed as a matter of abstract right, the father could take the child from the custody of the directors. They being the legal guardians of the poor, they might, it seems to me, retain it unless remanded by the court into the custody of the father—and even then it would be in the discretion of the court to make such order as might comport with the welfare of the child.

" We think it very clear that, as the defendant has, by his own default, allowed the child to be subjected to the guardianship of the directors of the poor, he cannot force them to surrender their control by the offer of terms upon which he will support it, not prescribed by the sentence of the court, nor embraced by the condition of the bond. If he cannot thus be relieved, it is not perceived what equity is available by the surety. His obligation is co-extensive with that of the principal, while the surety may avail himself of the laches of the creditor in neglecting to apply the means of satisfaction to the discharge of the debt, when either in his hands or within his reach; still it cannot be pretended that the creditor is bound to change the terms of the original contract and accept of them in lieu of such contract.

" Judgment is directed to be entered in favor of plaintiffs for $107.25."

This was assigned for error on the removal of the case to the Supreme Court, by the defendants.

*H. Yerkes* and *G. Ross*, for plaintiffs in error, referred to Act of March 31st 1860, § 37, Pamph. L. 392, Purd. 223, pl. 39; Phillippi *v.* Commonwealth, 6 Harris 116; Rex *v.* Conforth, 2 Strange 1162; Commonwealth *v.* Anderson, 1 Ashmead 55; Fitler *v.* Fitler, 9 Casey 50; Hellings *v.* Directors, 3 Harris 409.

*N. C. James*, for defendant in error.

The opinion was delivered, May 5th 1870,

Per CURIAM.—We think the judgment of the court below in favor of the plaintiffs, was entirely in accordance with the law of the case, and is sufficiently vindicated in the opinion of the learned

[Directors of the Poor *v.* Dungan.]

judge.    We therefore affirm the judgment for the reasons so well stated by him in that opinion.

Judgment affirmed.