## Commonwealth v. Havanas.

E. D. Brown, District Attorney, and Antonio Cavalcante, for Commonwealth.

H. S. Dumbauld and Frank M. Lardin, for defendant.

HENDERSON, J.—The defendant was tried upon an indictment containing two counts, the first charging fornication and bastardy and the second charging seduction. The jury were instructed that, under the testimony, they could not convict on the count of seduction, and as to this there is no contention. The defendant was convicted on the count charging fornication and bastardy, which charged that the defendant did have unlawful carnal connection with one Anna Zakutansky, and a male bastard child on the body of her, the said Anna Zakutansky, did then and there beget. The testimony disclosed that the child born was a female bastard child and not a male child, as alleged. The matter is now before the court on a motion in arrest of judgment, alleging as a reason in support thereof that the indictment charged that the defendant did beget a male bastard child on the body of Anna Zakutansky, when the proof is a female bastard child, and, therefore, there is a fatal variance between the allegations and the proof. At the trial of the case, the defendant's counsel moved the court to instruct the jury that there could be no conviction of the bastardy for this reason, which motion was over-

ruled, and the jury instructed that if they found the defendant was the father of the bastard child born to the said Anna Zakutansky, they should convict him of fornication and bastardy. No motion was made by the Commonwealth to amend the indictment.

The defendant relies in support of the motion largely upon the case of Simmons *v.* Com., 1 Rawle, 142, decided in 1829, wherein it is stated by Tod, J.: "But the omission of the sex of the child appears substantial error. In practice, throughout the Commonwealth, I take the precedents to be uniform. In Com *v.* Pintard, 1 Browne, 59, the omission was held fatal. Our method of indictment in these cases comes in lieu of the English proceedings of justices of the peace, by an order of filiation, in which the precedents invariably require the sex to be stated. In Rex *v.* England, 1 Stra. 503, this omission appearing, the order of the justices was reversed for that reason only. It is argued that the sex of the child is a matter wholly unconnected with the substance of the offense. Perhaps this is true. . . . Over and above the common reasons of the law requiring minuteness of description in an indictment, there seem other reasons why, in this case, the record should identify the child as accurately as may be, as it affords almost the only evidence of the relation between the child and the father; a relation which, imperfect as it is, gives some rights and imposes some restraints."

There is nothing in the Act of March 31, 1860, § 37, P. L. 382, respecting fornication and bastardy, which requires that the sex of the child be stated in the indictment. A child thus born is, as to the father, *nullius filius*, and the only duty imposed upon the putative father is the one imposed by statute, and inflicted as a punishment with a view to indemnification, and beyond this there is no reciprocal right which springs from the duty thus imposed upon him by the law: The Directors of the Poor of Bucks County *v.* Dungan, 64 Pa. 402. There is no statute which authorizes such a child to inherit from its putative father, or gives it any right upon his estate, or confers any reciprocal rights on either the putative father or bastard child, except as provided in the Act of 1860, *supra*. It would thus appear that the reasons which existed for requiring the sex of the child to be stated in the indictment when Simons *v.* Com., *supra*, was decided have been obviated.

The defendant did not testify at the trial, and made no denial of the charge of either fornication or bastardy except by his plea of not guilty. We are unable to see how any harm will be done to him or his rights prejudiced in any manner by allowing the verdict of the jury to stand. What difference can it make to him whether it is a male or a female child he is required to support? The substance of the offense was the bastardy and not the sex of the child. Whether it is a male or a female child certainly, in this day and age, could not aid the court in rendering the proper judgment on the verdict. The defendant should not be allowed to escape on some artificial nicety, but we should look more at the substantial justice of the case: Brown *v.* Com., 78 Pa. 122.

Our conclusion is that on a prosecution for fornication and bastardy it is not necessary to state the sex of the child in the indictment, and, therefore, there is no fatal variance between the allegations of the indictment and the proof sufficient to justify an arrest of the judgment in this case. This conclusion is in line with the opinion by Morrison, P. J., in the case of Com. *v.* Christy, 11 Dist. R. 221.

*Order.*—Now, Jan. 24, 1927, the motion in arrest of judgment is overruled and the defendant will present himself before the court for sentence.

From Luke H. Frasher, Uniontown, Pa.