## Commonwealth v. Vespaziani

*R. Eric Simons*, for Commonwealth.

*Norman S. Faulk*, for defendant.

McCREARY, P. J., October 6, 1955.—On September 20, 1941, the late Honorable Frank E. Reader, then president judge of our courts, entered an order at the above stated number and term, reading as follows:

"September 20, 1941, defendant is asked if he has anything to say, etc., whereupon he is sentenced to pay the costs of prosecution within 90 days; pay the lying-in-expenses and the sum of $2.50 per week to the Probation Officer of Beaver County for the support of the child until it reaches the age of 14 years. Defendant permitted to enter his own recognizance in the sum of

$300 condition to comply with the above order of Court."

Defendant had been found guilty by a jury on a charge of fornication and bastardy, the verdict having been returned September 17, 1941.

On July 15, 1955, prosecutrix, Rose Vaccarelli Rossi, presented a petition to this court asking that the court increase the order by a substantial amount in order that the child involved might be provided with the basic necessities of life. An answer thereto was filed by defendant alleging that the child in question was born on July 11, 1941, and reached its fourteenth birthday on July 11, 1955, and suggesting to the court that the petition for modification and extension of the order be denied for the reason that the sentence imposed on September 20, 1941, has been fully complied with and, therefore, the court, at this date, has no power or authority to change the sentence.

The matter was duly argued before the court en banc, and the question now for consideration by the court is twofold: (1) Is the amendment to the Act of June 24, 1939, P. L. 872, sec. 506, as adopted by the Pennsylvania legislature by the Act of September 28, 1951, P. L. 1543, sec. 1, prospective in its application or retroactive; and, (2) if it is retroactive in its application, is it unconstitutional as to sentences imposed prior to its effective date? That is to say, is it an ex post facto law?

The question has never been passed upon, so far as we have been able to learn by diligent search and, therefore, the first phase of the question must be determined without the aid of prior court authority.

When the Criminal Code of Pennsylvania was adopted by the Act of June 24, 1939, P. L. 872, section 506 thereof provided for the sentence which might be imposed by the court: 18 PS §4506. In part that section of the Criminal Code provided that in case a

man is convicted of a charge of fornication and bastardy "such man . . . shall be sentenced, in addition to the fine aforesaid, to pay the expense incurred at the birth of such child, . . . and to give security, by one or more sureties, and in such sum as the court shall direct, to the institution district where such child was born, to perform such order for the maintenance of the said child, as the court shall direct".

In 1951 the legislature amended that part of section 506 relating to the sentence to be imposed in this language, 18 PS §4506: "After a hearing on the petition of any interested party, such order for the maintenance of such child may be increased or decreased from time to time by said court before or after the expiration of the term at which such man was sentenced."

The legislature did not spell out in clear language that it intended that sentences imposed prior to the effective date of the amendment should be affected thereby. This being a penal statute, the court is bound to construe it as affecting orders made after the effective date of the amendment and not as affecting orders made prior to the date of the amendment. No law shall be construed to be retroactive unless clearly and manifestly so intended. Where the language of the statute is general and might be given both retroactive and prospective operation, it will under this principle be held to be prospective only: Commonwealth ex rel. v. Greenawalt, 347 Pa. 510; Commonwealth v. Briggs, 72 D. & C. 437.

However, if we be mistaken in construing the 1951 amendment as being prospective only, we are faced with the proposition that no legislature has any power to pass an ex post facto law; it is forbidden by article I, sec. 17, of the Constitution of Pennsylvania. An ex post facto law is one which makes a crime of an act which, when committed, was not a crime, or a law

which increases the punishment for an act already committed: Commonwealth ex rel. Wall v. Smith et al., 345 Pa. 512. Certainly nothing could be made more clear to anyone than that the 1951 amendment is unconstitutional if it is construed to have application to orders in fornication and bastardy cases which were entered prior to its effective date. It authorizes the court on application of any interested party to increase or decrease, from time to time, the sentence imposed.

The case of Commonwealth v. Lee Schaffer, 28 Erie 246, is authority for the proposition that the order made by the court in a fornication and bastardy case is a part of the sentence. In that case a sentence and order thereon, in a fornication and bastardy case was imposed by the Erie County Court requiring defendant to pay $3.50 per week for the support of the child involved. A petition was filed in court requesting that the order be increased to $5 per week on December 7, 1942, some considerable time after the original order had been made. The question was raised as to the power of the court to change the sentence after the term had gone by. The Erie County Court decided that it had no such power. Judge Wade, of Warren County, specially presiding, wrote the opinion for the court. He said, in part, as follows:

"The question raised is whether or not the order of support is part of the sentence and, therefore, the court is without power, after the expiration of the term, to alter, interfere, or change the sentence so imposed. The charge was brought under the Criminal Code of 1860, found in 18 Purdon's Statutes, Section 711. An examination of this statute does not reveal any additional power of the court in this type of proceeding after the expiration of the term. Therefore, the inquiry becomes one to determine whether or not the order of support is part of the sentence. . . .

"A review of the statute here under consideration has no clause giving power to the court after the term. The order of $5.00 per week, given after the term, in the case at bar, is, in the opinion of this court, without authority in law, having been made after the term.

"The general principles are reviewed, and cases on the subject are collected, in Commonwealth v. Frank, 21 District 71, in which the court says:

" 'The first question to be considered is, Was the order of $1.25 a week a part of the sentence of the Court? In the case of Com. v. Ahl, 43 Pa. 53, the court, in passing upon the question on pages 62 and 63, say: "The costs and the lying-in expenses and the maintenance of the child are essential parts of the sentence in such cases, and can be imposed only where sentence can lawfully be pronounced." That the order of the court for maintenance of the child in cases of fornication and bastardy is to be considered as part of the sentence is also recognized in the cases of Helling's Executors v. Directors of the Poor, 15 Pa. 409; Philipi v. Com., 18 Pa. 116; Directors of the Poor v. Dungan, 64 Pa. 402, in which last case the lower court, on page 404, say: "The bond was given in compliance with the sentence of the court, which was that he should pay the sum of 75 cents per week for the support of the child until it should arrive at the age of seven years. It is only by a compliance with this order that he can be discharged".

" 'In the case of Com. v. Mayloy, 57 Pa. 291, it is held: "The criminal courts of this state have not power, when sentence is passed, to enter a rule to reconsider their judgment and at a subsequent term alter the sentence.' "

"In conformity with the general principles of the Commonwealth v. Wibner, 85 Pa. Su. 270, supra, and the authorities cited in Commonwealth v. Frank, 21 District 71, supra, a court does not have power, after

the term in a criminal proceeding, without statutory authority, to grant a new order or to alter or amend the original order. In the opinion of this court, these principles apply to the order in this case, dated December 7, 1942, changing the allowance to the child from $3.50 per week to $5.00 per week, which new order was made after the term in which the original sentence was imposed. If the result in this case is unfortunate, it is for the legislature to alter the statute giving the court greater power over changed conditions.

"It is the further opinion of this court that the reason assigned for the lack of authority to change the order in this case after term time is that the maintenance order herein is a part of the penalty and is, therefore, in the nature of a fine, under the statute of 1860, known as the Criminal Code, found in 18 Purdon's Statutes, Section 711."

We are satisfied that the order made by Judge Reader on September 2, 1941, was a sentence and that this court does not now have the power or the authority to change that sentence more than 14 years after it was originally imposed.

We are of the opinion (1) that the 1951 amendment to the Criminal Code above referred to is not retroactive in its application, and (2) if it could be construed to be retroactive in its application it is unconstitutional insofar as affecting orders in fornication and bastardy cases made prior to its effective date.

Accordingly we make the following

*Order*

Now, October 6, 1955, the petition of Rose Vaccarelli Rossi for an order to increase the weekly payments for the support of her child is dismissed, the order of September 20, 1941, having been complied with and having terminated as of July 15, 1955.