FILED
United States Court of Appeals
Tenth Circuit

March 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK A. BURKLEY,

Defendant - Appellant.

No. 09-6245
(D.C. Nos. 09-CV-00681-R and 5:06-CR-00116-R-1)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Defendant-Appellant Derrick A. Burkley, a federal inmate appearing pro se,

seeks a certificate of appealability ("COA") allowing him to appeal the denial of

his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Because Mr. Burkley has not made a "substantial showing of the denial of a

constitutional right" required to obtain a COA, 28 U.S.C. § 2253(c)(2); see Slack

v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the

appeal.

On August 16, 2006, a jury convicted Mr. Burkley of three counts: (1)

possession of a controlled substance with intent to distribute, in violation of 21

U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking

crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possession of firearms and ammunition by a controlled substance user, in violation of 18 U.S.C. § 922(g)(3). 1 R. 107-08, 133. The district court sentenced Mr. Burkley to a total of 120 months in prison: terms of 60 months each on the first and third counts, to run concurrently, and 60 months on the second count, to run consecutively to the concurrent 60 month terms imposed on the first and third counts. 1 R. 134. He was also sentenced to three years' supervised release, all counts to run concurrently. 1 R. 135. On direct appeal, this court affirmed. United States v. Burkley, 513 F.3d 1183, 1191 (10th Cir. 2008), cert. denied, 128 S. Ct. 2979 (2008).

Mr. Burkley filed a timely § 2255 petition raising eight grounds for relief, all claiming ineffective assistance of counsel. 1 R. 168, 180-92. The district court denied Mr. Burkley's petition in a thorough memorandum. 1 R. 217-27. On appeal, Mr. Burkley pursues two issues. He argues that his trial counsel was ineffective because: (1) he did not effectively use the facts of his case in pursuing a motion to suppress evidence seized from his vehicle; and (2) he failed to certify questions of state law to the Oklahoma courts before the trial rather than on appeal. Application for Certificate of Appealability at 2; Aplt. Br. at 4-13. To obtain a COA, Mr. Burkley must show that reasonable jurists would find it debatable whether his motion stated a valid claim of the denial of a constitutional right. See Slack, 529 U.S. at 484.

Reasonable jurists would not debate whether his counsel's performance was deficient or prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Both claims of ineffective assistance of counsel essentially reargue the legality of the search of his car that turned up guns and drugs. That Mr. Burkley could imagine a handful of arguments his counsel might have made does not render his counsel's performance deficient. Nor was Mr. Burkley's counsel required to anticipate the Supreme Court's decision in Arizona v. Gant, 129 S. Ct. 1710 (2009), a year and a half before the Court granted a writ of certiorari, 128 S. Ct. 1443 (2008). The district court's rejection of the certification argument is not reasonably debatable. As the district court noted, "whether municipal law or state law applied was irrelevant to assessing the validity of the traffic stop." 1 R. 221. Moreover, this court already held that reasonable suspicion supported the stop based upon a suspected violation of state law. Burkley, 513 F.3d at 1187. Therefore, there can be no debate whether counsel's failure to seek certification was deficient or prejudicial. In the absence of any error, a cumulative error analysis is not warranted. United States v. Rivera, 900 F.2d 1462, 1471 (1990) (en banc).

We DENY a COA, GRANT IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge