**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

---

KEITH FRAZIER,

    Petitioner - Appellant,

v.

ROGER WERHOLTZ, Interim
Executive Director, Colorado
Department of Corrections; MICHAEL
MILLER, Warden, Crowley County
Correctional Facility; JOHN W.
SUTHERS, Attorney General, State of
Colorado,

    Respondents - Appellees.

No. 13-1135
(D.C. No. 12-CV-00354-RPM)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Petitioner Keith Frazier seeks a certificate of appealability ("COA") to

appeal the district court's denial of his petition for a writ of habeas corpus under

28 U.S.C. § 2254. Frazier v. Clements, No. 12-CV-00354-RPM, 2013 WL

646659 (D. Colo. Feb. 21, 2013). We deny his request and dismiss his appeal.

Background

On June 13, 2002, a jury in Greeley, Colorado, convicted Mr. Frazier of

two counts of second-degree burglary and two counts of misdemeanor theft. The convictions arose from burglaries at the homes of two teenage girls where photographs and underwear were taken. Mr. Frazier was sentenced to two concurrent 17-year sentences. His convictions and sentences were affirmed on direct appeal. People v. Frazier, 02CA1999, (Colo. App. June 30, 2005) at 1 R. 135-156, cert. denied, 05SC602 (Colo. Nov. 23, 2005) at 1 R. 157. He unsuccessfully sought post-conviction relief pursuant to Colo. R. Crim. P. 35(c), the denial of which was affirmed on direct appeal. People v. Frazier, 09CA1175, (Colo. App. Jan. 13, 2011) at 1 R. 237-251, cert. denied, 2011SC133 (Colo. May 9, 2011). After pursuing state post-conviction remedies, Mr. Frazier filed this counseled habeas application.

In his combined opening brief and COA application, Mr. Frazier argues that: (1) his custodial interrogation violated Miranda, Aplt. Br. at 12-13; (2) a search of his brother's home exceeded the scope of the search warrant, id. at 13-15; (3) a photographic line-up depicting him in his work clothes was "impermissibly suggestive," id. at 15; (4) the denial of a request to sever counts at trial deprived him of due process, id. at 15-17; and (5) continual ineffective assistance of counsel throughout these proceedings has denied him due process, id. at 17.

<u>Discussion</u>

In order for this court to grant a COA, Mr. Frazier must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Mr. Frazier must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id.</u> Mr. Frazier cannot rely upon claims not contained in his counseled habeas petition. <u>See</u> <u>Parker v. Scott</u>, 394 F.3d 1302, 1327 (10th Cir. 2005).

Like the district court, we must defer to the state court proceedings on these claims unless they "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Although the state raised the failure to exhaust several claims based upon its expansive reading of Colo. App. R. 51.1, we may deny a claim on the merits even absent exhaustion. 28 U.S.C. § 2254(b)(2).

A. Custodial Interrogation and Involuntary Statements

Mr. Frazier's first issue is that his custodial interrogation violated <u>Miranda</u>

- 3 -

and that the statements he made were in violation of the Fifth Amendment. Aplt. Br. at 12-13; 1 R. 24-37. Concerning the Miranda claim, based upon Mr. Frazier's work-release status, the state court of appeals applied a test developed in Cervantes v. Walker, 589 F.2d 424 (9th Cir. 1978), for determining whether a person is in custody for Miranda purposes in the prison setting. 1 R. 138. We have approved the Cervantes analysis, United States v. Scalf, 725 F.2d 1272, 1275 (10th Cir. 1984), and cannot say that extending the test to the work-release context is an unreasonable application of federal law. Nor can we overturn the state court's factual findings, which tend to support the idea that this was not a custodial interrogation and that his statements were not compelled or involuntary. In any event, the state court of appeals correctly noted that Mr. Frazier's voluntary statements, even if in violation of Miranda, would not result in the suppression of the physical evidence as fruits of the poisonous tree. 1 R. 142; see United States v. Patane, 542 U.S. 630, 642 (2004). Thus, the state court of appeals has the last word on these issues. See Frazier, 2013 WL 646659, at *2.

B.    Search of Belongings

As his second issue, Mr. Frazier argues that the search of his belongings at his brother's house exceeded the scope of the warrant given that a box of women's undergarments and his journals were seized. Aplt. Br. at 13-14. This issue was not raised on direct appeal, although the failure to suppress the journals was part of an ineffective assistance of appellate counsel claim raised and rejected

in state post-conviction proceedings.  1 R. 244-247, 1346-47.  The trial court determined that the journals could be searched for rental agreements and photographs of female juveniles.  Id.  To the extent that Mr. Frazier is arguing the ineffective assistance of appellate counsel, 1 R. 48-50, the state court of appeals' analysis is not contrary to federal law as the journals contained other documents (which could have been within the scope of the warrant).  1 R. 246.  Moreover, the officers were not required to ignore incriminating evidence.  The district court's rejection of this claim is not reasonably debatable.

To the extent that Mr. Frazier is challenging the denial of his third claim in his habeas petition, that the admission of testimony concerning the box of undergarments violated due process, 1 R. 37-39, this claim certainly appears unexhausted.  On direct appeal, Mr. Frazier challenged the admissibility of evidence concerning the box of undergarments on the basis that it deprived him of a fair and impartial jury and on the state-law grounds that the evidence was not relevant, but even if it was, the danger of unfair prejudice outweighed its probative value, and also that it was improper character evidence.  1 R. 56, 78-81.  The state court of appeals rejected this claim on the basis that the evidence was relevant to show motive and that the trial court mitigated any danger of unfair prejudice by limiting testimony to a single reference to the box.  1 R. 145-146.  Turning to the journals, the same appellate court conducted a similar relevance and danger-of-unfair-prejudice analysis and upheld admissibility.  1 R. 153-154.

Generally, the admissibility of evidence is a state-law matter. Here, the state argued that the federal due process claim was unexhausted as it had not been presented to the state supreme court on direct appeal in Mr. Frazier's cert. petition. 1 R. 1297, 1361-64. Though the federal district court did not deal with this claim directly, it did conclude that there was no need to consider exhaustion because it resolved all claims on the merits. Frazier, 2013 WL 646659 at *2. We likewise avoid the exhaustion issue, and, given the findings of the state appellate court on direct appeal on the evidentiary issues, Mr. Frazier cannot establish that the admission of the evidence was "grossly prejudicial" and "fatally infected the trial" such as to deny him due process. See Fox v. Ward, 200 F.3d 1286, 1296-97 (10th Cir. 2000) (internal citations omitted).

C. Photographic Lineup

As his third issue on appeal, Mr. Frazier argues that a photographic lineup was impermissibly suggestive (because he was wearing a pizza delivery shirt) and that appellate counsel should have appealed the trial court's denial of his motion to suppress an out-of-court identification on this basis. On post-conviction review, the state court of appeals determined that the issue was not preserved by trial counsel and therefore could not constitute ineffective assistance of appellate counsel. 1 R. 241-44. Although Mr. Frazier suggests that the federal district court did not address this point, that court viewed the rulings of the state courts as "definitive," and the Colorado appellate court certainly did address it. We note

that the contemporaneous objection rule is regularly enforced as a bar to federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 747 (1991); Wainright v. Sykes, 433 U.S. 72, 88 (1977). Given procedural default, the state appellate court's determination that appellate counsel was not ineffective is not contrary to federal law.

D. Severance

In his fourth issue, Mr. Frazier argues that the failure to sever counts violated due process. On direct appeal, Mr. Frazier claimed that Colo. Crim. P. R. 14 violated due process because it required him to come forward with "important testimony" to demonstrate the need to testify on some counts and not others. 1 R. 82-84. This claim was rejected on direct appeal because it was not raised before the trial court. 1 R. 147. On post-conviction review, the state court of appeals rejected the contention that trial counsel was ineffective for not raising this claim, finding neither deficient performance nor prejudice. 1 R. 248-251. The state contends that the claim is not exhausted because the issue was not raised in Mr. Frazier's post-conviction cert. petition to the Colorado Supreme Court. 1 R. 1301-02, 1369-79.

The federal district court rejected the claim on the merits based upon a lack of prejudice; Mr. Frazier had not demonstrated that his testimony would have made a difference in the outcome. Frazier, 2013 WL 646659 at *2. Of course, all that is required is "a reasonable probability" of a different outcome, "a

probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694 (1984). Be that as it may, the conclusion of the state court of appeals on this issue is not an unreasonable application of federal law, particularly in regard to the performance prong of the ineffective assistance of counsel claim—trial counsel perceived no reason why the severance rule was unconstitutional, and the requirement that a defendant have a basis for asserting a severance is routine. The state court of appeals distinguished Brooks v. Tennessee, 406 U.S. 605, 612-13 (1971), the case upon which Mr. Frazier relied, and could reasonably conclude that a due process violation did not occur. 1. R. 249-51.

E.    Ineffective Assistance Throughout

The fifth issue raised by Mr. Frazier is ineffective assistance of counsel based upon "no less than 18 separate acts and/or omissions committed by his various attorneys representing him throughout the life of the instant matter" that have rendered his assistance of counsel "ineffective." Aplt. Br. at 17. In his habeas petition (as his last claim), Mr. Frazier raised ineffective assistance of counsel regarding the out-of-court identification and the search exceeding the scope of the warrant, claims rejected above. 1 R. 48-50. He also claimed ineffective assistance of counsel regarding the admissibility of his journals under Colo. R. Evid. 404(b), 1 R. 51-52, which the state contends is unexhausted for failure to mention it in the post-conviction cert. petition. 1 R. 1310, 1377-78.

On direct appeal, the state court of appeals found no abuse of discretion in the admission of the journals. 1 R. 154. Upon post-conviction review, it rejected a similar claim (based upon ineffective assistance) as not raised on direct appeal. 1. R. 247. Plainly, the Rule 404(b) issue was considered. The court declines to consider any other issues raised by Mr. Frazier not raised in the counseled habeas petition.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge