# CASES

IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

## Chew's Appeal.

*The Orphans' Court may amend an order for the amount of bail on appeal while the record remains with them and the certiorari has not been returned.*

THIS was a rule to show cause why the appeal of B. Chew from the decree of the Orphans' Court of *Philadelphia* county, dismissing him as executor of B. Chew, deceased, should not be quashed. On the 23d November 1844, the Orphans' Court decreed as follows:— "And now, November 23d, 1844, the court having fully considered the case, do decide that in their opinion said Benjamin Chew, one of the executors of B. Chew, deceased, is mismanaging the estate, and therefore order that he give bail in the sum of $50,000, on or before Saturday morning next, the 30th inst., as required; and in default of such security, that the letters testamentary issued to him on said estate be vacated." On the 7th December the Orphans' Court dismissed B. Chew, he not having given the required security in $50,000. Same day the court fixed the amount of bail at $100, on the appeal of B. Chew, and Chew made the necessary oath. On the 9th December a *certiorari* issued from Supreme Court, returnable the last Saturday of December. On the 14th December the record was

returned. On the 18th December the Orphans' Court made a further order, as follows:— " It appearing to the court, on advisement, that surety in the sum of $100 heretofore entered in this case on the appeal from the decision of this court to the Supreme Court, is not 'sufficient security,' as is required by law on such appeal; it is ordered that Benjamin Chew, the appellant, enter into recognizance, with sufficient sureties, to prosecute his said appeal according to law, in the sum of $50,000, on or before Saturday, the 21st inst., on default of which the court will proceed to carry its decree of the 7th inst. into effect by the process and proceeding authorized by law in such cases." This last required security was not entered by Mr Chew. On the 31st December the assignment of errors was filed. On the 4th February 1845, the *certiorari* was certified by the judges of the Orphans' Court. Same day the record was refiled.

*Fallon* and *Dallas*, for the rule, referred to *Koch's Estate*, (4 *Rawle* 268); *Walker's Appeal*, (2 *Dall*. 190); *Cooke* v. *Reinhart* (1 *Rawle* 321); *Commonwealth* v. *M'Allister*, (1 *Watts* 308).

*Price* and *Meredith*, contra, cited 9 *Wheat*. 526; *Hess's Appeal*, (1 *Watts* 255); 20 *Vin*. 90; 2 *Bac. Abr*. 179; *Act 14th April* 1835, *sec*. 4; *M'Coy* v. *Porter*, (17 *Serg. & Rawle* 60); 5 *Mass*. 377; *Penhallow* v. *Doane's Administrators*, (3 *Dall*. 87, 119); *Yeaton* v. *U. States*, (5 *Cranch* 283); 1 *Ashm*. 170.

The opinion of the Court was delivered by

SERGEANT, J. — If the court below had authority to make the order of the 18th December 1844, as it has not been complied with, the appeal has not been perfected, and it is the duty of this court to dismiss it. It seems the court below at first ordered the bail on appeal to be given in the sum of $100. They afterwards considered that the justice of the case required the bail on the appeal to be as large as that which they had previously required to be given by the executor, and they ordered it. This order is in the nature of an amendment of the former one. And, it seems to us, the only question is, whether the court had power to make the amendment. It is not a question, as has been supposed, whether they could proceed further in the cause after an appeal; for this was not properly a further proceeding in the cause, but an amendment of a prior proceeding in the nature of an interlocutory order, fixing the amount of bail. Nothing is now more common than the allowance of amendments in the court below, after error brought, to effect the purposes of justice and prevent advantage being taken by technical objections or by surprise. In *Short* v. *Coffin*, (5 *Burr*. 273), after error brought, and *in nullo est erratum* pleaded, the judgment was amended. In *Burrows* v. *Heysham*, (1 *Dall*. 133), judgment on a *scire facias* against special bail

[Chew's Appeal.]

was removed into the Supreme Court by writ of error. On issuing a *certiorari* to bring up the record, the *scire facias* was amended in C. P. These cases, with others, are cited by Mr Justice YEATES in *Berryhill* v. *Wells*, (5 *Binn*. 60), who also states that it was declared by the Chief Justice, in *Douglas* v. *Bearne's Executors*, that after error brought, the court where the record remained might order an amendment on proper grounds. So, in *Spakeman* v. *Byers*, (6 *Serg. & Rawle* 385), the court sent the record back to be amended after the case was called up for argument in this court on the writ of error, and being again returned amended, the judgment was affirmed. There is no difference in principle between a writ of error and an appeal: and the record here for the purposes of amendment, at least, seems to have remained with the court below till the 4th February 1845, when it is marked refiled in the docket of this court, and when the *certiorari* was returned by the judges of the Orphans' Court, who were the proper persons to do so.

We, therefore, think the court below had power to make the order of the 18th December; and that, as the appellant has not given the bail required, the appeal has not been duly entered, and must be dismissed.

Appeal dismissed.