Commonwealth of Pennsylvania ex rel. Charles D. Middleton *versus* The Judges of the Orphans' Court of Philadelphia county.

1. The provisions of the Act of March 29th 1832, § 59 (Purd. Dig. 1110, pl. 50), that upon appeals from decrees of the Orphans' Courts, the appellant shall give security by recognizance, with sufficient sureties in the Orphans' Court, conditioned to prosecute such appeal with effect and to pay all costs, that may be adjudged against him, are not repealed by the Act of June 8th 1881 (P. L. 80), providing that upon all appeals, writs of certiorari or of error, a recognizance with sufficient sureties, shall be entered in the Supreme Court, conditioned as therein provided.

2. No writ of certiorari will be issued by the Prothonotary of the Supreme Court to bring up the record from an appeal to the Orphans' Court without satisfactory evidence that security has been entered in the Orphans' Court in accordance with the provisions of the said Act of March 29th 1832.

January 27th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

IN the Supreme Court of Pennsylvania: Of January Term 1883, No. 213.

Rule to show cause why a writ of peremptory mandamus should not issue, directed to the honorable the Judges of the Orphans' Court of Philadelphia county, commanding them to certify the record in certain proceedings had before them, in the matter of the estate of M. C. Ware, deceased, and the definitive decree of said court therein, in obedience to a writ of certiorari heretofore issued from this court.

The said rule was granted upon the petition of Charles D. Middleton, which set forth : That in certain proceedings in the Orphans' Court of Philadelphia county, in the matter of the distribution of the estate of M. C. Ware, deceased (to October Term 1882, No. 172), in which the petitioner was a party in interest, the said court had entered a definitive decree dismissing certain exceptions filed by him to the adjudication of the auditing judge, and confirming said adjudication ; that petitioner had thereupon entered an appeal from said decree, and, having given recognizance in the sum of $250, before the pro-

[Commonwealth *v.* Judges.]

thonotary of the Supreme Court, in compliance with the provisions of the Act of June 8th 1881, had caused to be issued from this court a writ of certiorari directed to the judges of said Orphans' Court commanding them, to certify and return the record in said case to the Supreme Court; but the said judges refused to comply with the mandate of said writ, unless the petitioner should first enter additional security in the Orphans' Court in accordance with the Act of March 29th 1832, § 59.

The petition therefore prayed for a rule on said judges of the Orphans' Court to show cause why a peremptory mandamus should not issue, commanding them to return the said record and certiorari.

A rule having been granted as prayed for, the said judges of the Orphans' Court filed an answer setting forth, inter alia, as follows : " That though the Act of Assembly relied upon by the appellant was passed 8th June 1881, and many appeals have been taken and writs of certiorari issued since then, in no single instance prior to this case has it been supposed that the Act of 1832, requiring security in the Orphans' Court, has been repealed, and that in all other cases, except this one, such security has been entered. If, however, the practice of fifty years has been thus changed and superseded, the respondents are entirely willing to certify the said record; and they submit themselves to the judgment of this honorable court."

*A. Sydney Biddle,* for the rule.

*J. B. Townsend,* for the respondents.

Chief Justice Mercur delivered the opinion of the court February 5th 1883.

This is a rule to show cause why a writ of peremptory mandamus shall not forthwith issue against the judges of the Orphans' Court of the county of Philadelphia, commanding them to return the record in a certain case heretofore pending before them, wherein the relator is the appellant, and for which a writ of certiorari had issued from this court. The question now is whether the prothonotary improvidently issued the writ, without recognizance or security having previously been entered or given in the Orphans' Court?

Under the Act of 11th March 1809, this court had concurrent jurisdiction with the Orphans' Court to take all such security : Smith *v.* Ramsay et al., 6 S. & R. 573. This power continued to exist until the passage of the Act of 29th March 1832, Pur. Dig. 1110, pl. 50. This provided in cases of a definitive sentence or decree of the Orphans' Court, the party appealing therefrom should give security by recognizance with sufficient surety,

[Pollock *v.* United States Mut. Accident Asso.]

in the Orphans' Court or before one of the judges thereof. It gave to the Orphans' Court and to its judges exclusive power to take the recognizance on appeal from its decree : Chew's Case, 8 W. & S. 375.

It was urged on the argument if no such power previously existed in this court, it is given by the Act of 8th June 1881, P. L. 80. We are not able to find any such grant of power either expressed or implied in that Act. It does not profess to declare in what court the recognizance shall be entered. That is not the object of the Act. Its purpose is to more effectually secure the payment of costs made in this court, and make the return of the record to the court below, obligatory on the party bringing it here. In order to effect these objects it imposes an additional liability on the party appealing or obtaining a writ of certiorari or of error. It leaves wholly untouched the question in what court the security shall be given.

The discretionary power of the Orphans' Court as to the extent of the security which it may require on an appeal from one of its decrees is expressly affirmed in Commonwealth *v.* The Judges of the Orphans' Court, 10 Barr 37. Leaving this power with the judges of that court evinces wise legislative forethought. They know better than any other tribunal what security is necessary to protect the vast and complicated interests which they are required to guard. It follows that the judges of the Orphans' Court of the county of Philadelphia violated no law in declining to send up the record in the case wherein the relator had not given such security as the statute requires.

We will direct the prothonotary to hereafter issue no certiorari to bring up the record on an appeal from the Orphans' Court without being furnished with satisfactory evidence that security has been duly given in that court.

Motion for a peremptory mandamus refused, and rule discharged.