## COMMONWEALTH v. RICH. WISTAR ET AL.

COMMONWEALTH V. RICH. WISTAR ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued April 7, 1891—Decided May 18, 1891.
[To be reported.]

1. Although the distribution of a fund was delayed by an unsuccessful appeal from the Orphans' Court, interest upon it for the period of such delay cannot be recovered on the recognizance sur appeal, though the condition thereof is that prescribed by § 59, act of March 29, 1832, P. L. 213, viz., to prosecute the appeal with effect and pay all costs adjudged against the appellant.

2. The amount of security to be given, on an appeal from the Orphans' Court, is within the discretion of that court or of one of the judges thereof; and if the appellant is a trustee, the court may, in some circumstances, require that the recognizance be moulded so as to secure the faithful performance of his official duties during the pendency of the appeal.

3. But when the appellant owes no duty of a fiduciary nature to the court, or to the appellees, in respect of the subject matter of the appeal, the Orphans' Court has no power to exact, as a condition of obtaining the appeal, security in a different form from that prescribed: Commonwealth v. Judges, 10 Pa. 37; Chew's App., 9 W. & S. 151; Koch's Est., 4 R. 268; Commonwealth v. Judges, 102 Pa. 228, distinguished.

4. As a general rule, where a statute prescribes the condition of a bond or recognizance, upon which a legal remedy is given, and terms harder than the statute requires are exacted, the obligation is void, as a departure to the prejudice of the rights of the party entitled to his redress, and the surety is discharged; though, if the stronger obligation be voluntarily assumed, it is otherwise.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

Nos. 206, 207 January Term 1891, Sup., Ct.; court below, Nos. 352, 353 March Term 1889, C. P. No. 4.

### NO. 206.

On May 4, 1889, the commonwealth, to the use of William L. Elkins, and others named, brought assumpsit against Richard Wistar and the Commonwealth Title Insurance & Trust

Statement of Facts.

Company, upon a recognizance given in connection with an appeal by Richard Wistar from the Orphans' Court of Philadelphia county to the Supreme Court.

The plaintiff's statement of claim recited a proceeding in said Orphans' Court for the partition of certain real estate of Richard Wistar, deceased, wherein the defendant, Richard Wistar, was one of the respondents, setting forth that on July 17, 1886, the said court appointed a trustee to make sale of the lands involved in said proceedings; * that on March 28, 1887, the trustee proceeded to sell and did sell the several purparts into which said land had been divided in said proceeding, for prices aggregating $205,200, which sales the court on June 18, 1887, confirmed; that, on the day last mentioned the court dismissed a petition of the said Richard Wistar, asking leave to take said property at the valuation, whereupon he entered his appeal to the Supreme Court from said decree; † that the Or- ·phans' Court having directed said appellant to give security in the sum of $50,000, he entered into a bond in that sum, executed by himself and by the Commonwealth etc. Co. as his surety, conditioned: " That if the said Richard Wistar as aforesaid, shall prosecute his appeal with effect, and pay all costs that may be adjudged against him, and if the decree be affirmed, or the appeal be discontinued or nonpros'd, to pay all costs and damages that may accrue to the appellees, or any of them by reason of his said appeal, and shall return to the said Orphans' Court the record with the remittitur, then the above obligation to be void, or else to remain in full force and virtue; " that said appeal was so proceeded in that, on April 23, 1883, the Supreme Court made an order affirming the decree and dismissing the appeal at the costs of the appellant; that afterwards, upon subsequent proceedings in the said Orphans' Court, the fund arising from said sales was distributed, portions thereof being awarded to each of the use plaintiffs; that by said appeal the payment and distribution of said purchase money were delayed, and thereby each of the distributees suffered damage to the extent of one year's interest upon their several awards, which, but for said appeal, could and would have been made just one.

---

* This decree was affirmed in Wistar's App., 115 Pa. 241.

† Wistar's App., 3 Pa. S. C. Dig. 179.

year earlier. The statement of claim averred further, that by the affirmance of said decrees the condition of said recognizance was broken and the obligations became absolute, whereby an action accrued to the commonwealth, etc., and suggested the amount of the claims of the several parties to whose use the suit was brought.

By the record of the partition proceeding, made a part of the statement of claim, it appeared that on June 20, 1887, upon taking his appeal to the Supreme Court, Richard Wistar entered security, the amount and form of which were not stated in the docket entries; that on June 21, 1887, the plaintiffs excepted " to the security and to amount thereof," and obtained a rule upon the appellant to increase the amount of the recognizance; that on June 23, 1887, the Orphans' Court ordered and decreed " that the bond given be vacated, and that said Richard Wistar, appellant, on or before the eighth day of July next, perfect his said appeal by giving bond or recognizance with sufficient surety to be approved by the court, or one of the judges thereof, after due notice according to rule of court, in the sum of $50,000, conditioned to prosecute his appeal with effect and to pay all costs that may be adjudged against him, and if the decree be affirmed or the appeal be discontinued or nonpros'd, to pay all costs and damages that may accrue to the appellees or any of them by reason of his said appeal; and that if security be not entered as aforesaid within said time the appeal to be disallowed as incomplete and not perfected; " whereupon the recognizance in suit was given.

The defendants filed an affidavit of defence made by Richard Wistar on behalf of himself and the other defendant, containing in substance the following averments: That it was untrue that any delay in the distribution of the fund mentioned in the statement filed, was caused by deponent; that he had a lawful right to take the appeal mentioned in said statement, and no loss accrued to the said plaintiffs thereby, and upon determination of said issue deponent paid the costs of said appeal, or the same was deducted from his share upon final distribution of the fund, that security was entered for costs only, to accrue upon said appeal, and that the same did not prevent the plaintiffs from applying at any time, if they thought fit, for a distribution of the fund in court; that the plaintiffs moved in the

Supreme Court for additional costs and penalty on said appeal, and said motion was dismissed and abandoned; that the present claim was presented upon the adjudication of the account in the Orphans' Court, and disallowed; that J. Howard Gendell, John M. Scott and Thomas B. Reeves, trustees, named as use plaintiffs, had in law no claim upon the defendants for any amount whatever; and that the other plaintiffs were indebted to deponent for taxes paid by him for them and their grantors, upon the land subject to this litigation, in the sum of $23,272.

A rule for judgment for want of a sufficient affidavit of defence having been made absolute, defendants took the appeal at No. 206, specifying that the court erred in entering judgment against the defendants for want of a sufficient affidavit of defence.

## NO. 207.

On May 4, 1889, the commonwealth, to the use of William L. Elkins and others named, brought assumpsit against Richard Wistar and William Lewis Wistar upon two recognizances given by the defendants upon their separate appeals from a decree of the Orphans' Court of Philadelphia county, distributing the fund arising from the sale of the real estate of Richard Wistar, deceased, in the partition proceedings mentioned above, William Lewis Wistar being the surety in the recognizance filed in the appeal of Richard Wistar, and Richard Wistar being the surety in the recognizance filed in the appeal of William Lewis Wistar.*

The plaintiff's statement of claim recited the partition proceedings, sale and distribution; the entry of appeals from the decree of distribution and the giving of the recognizances, the same being in the sum of $10,000 each, conditioned to be void if the appellant " shall prosecute his appeal with effect and pay all costs that may be adjudged against him; " and the affirmance of said decree by the Supreme Court on April 15, 1889, with costs to be paid by the appellants, making the record of said proceedings in the Orphans' Court a part of the statement. The statement of claim then made the following averments:

" By said appeals said order for distribution, and the payments thereunder, were stayed. Said fund in court was depos-

---

* These appeals are reported in 125 Pa. 526.

Arguments.

ited with the bankers of the court, and bore interest at the rate of two per cent a year. By means of said appeals and the stay thereof, the persons to whom awards were made lost the use of their money, and they severally claim interest on their respective awards from December 19, 1888, the date of the appeals, to April 15, 1889, the date of the affirmance, at the rate of four per cent a year, being the rate of six per cent, less said two per cent allowed and paid by the said bankers.

" And plaintiff therefore shows, that by the affirmance of said decree and order of distribution, the condition of said bonds became and was broken, and said bonds became absolute, whereby an action hath accrued to the said plaintiff, the commonwealth of Pennsylvania, to demand and have the said sums of ten thousand dollars each, together twenty thousand dollars, and the several parties to whose use this suit is brought, suggest of record and declare the amounts of their several claims, costs and damages, as follows : . . . .

The defendants filed an affidavit of defence averring, in substance, that the plaintiffs were not delayed by the appeals, but could have had a distribution of the fund at any time, as the defendants entered security for costs only ; that the statement of claim would not in law entitle the plaintiffs to judgment for want of an affidavit of defence, it being informal and defective in not setting out the entire record in the case ; that the defendants had expended for the use of the plaintiffs and their grantors $34,908.80, four sixths of which was due by the plaintiffs to the defendants ; and that the costs due upon the remittitur from the Supreme Court were allowed the counsel of plaintiffs in an item of $112 mentioned and allowed in the adjudication of this estate in the Orphans' Court.

A rule for judgment for want of a sufficient affidavit of defence, after argument thereof, was made absolute ; whereupon the defendants took this appeal at No. 207, specifying that the court erred in entering judgment for the plaintiffs for want of a sufficient affidavit of defence.

*Mr. Francis H. Garrett* (with him *Mr. William Gorman*), for the appellants :

1. The recognizance, upon which suit is brought in the case at No. 206, is not such as is prescribed by § 59, act of March

Arguments.

29, 1832, P. L. 213, and is therefore void. It has been universally laid down that when a statutory condition of a bond or recognizance limits the terms upon which the legal remedy is given, and terms harder than the statute requires are exacted, the bond or recognizance is void and the surety is discharged: King v. Culbertson, 10 S. & R. 325; Bolton v. Robinson, 13 S. & R. 193; Thomas v. Stewart, 2 P. & W. 475; Commonwealth v. Laub, 1 W. & S. 261; Donley v. Brownlee, 7 Pa. 109; Hellings v. Directors, 15 Pa. 409; Haines v. Levin, 51 Pa. 412. But, even if the bond was good, so far as authorized by the statute, the court erred in entering judgment for want of a sufficient affidavit of defence; for the affidavit expressly asserted that the defendant had paid the costs of his appeal, and therefore the lawful condition of the bond was fully complied with.

2. In the other case, No. 207, the recognizances are conditioned simply to "prosecute his appeal with effect and pay all costs that may be adjudged against him." The amount of security required by the Orphans' Court, to wit $10,000, would at first glance appear excessive if intended only to cover the costs of the case; but the amount of the security is entirely within the discretion of the Orphans' Court: Chew's App., 9 W. & S. 151; and the appellants should not be prejudiced by the fixing of an exorbitant amount in the bail bond, when they had no opportunity or right to appeal from the decree by which that was done. The act of March 29, 1832, was passed presumably with full knowledge that the security required on writs of error was for the debt and damages and costs, and such a requirement was intentionally omitted therefrom. The damages claimed are not such as the bond provides for, and, moreover, they are not actual damages, but the loss of prospective profits.

*Mr. J. Howard Gendell* (with him *Mr. J. M. Scott*, *Mr. A. B. Shearer* and *Mr. J. B. Townsend*), for the appellees:

The condition of the security prescribed by § 59, act of March 29, 1832, P. L. 213, requires that the appellant shall do two things: (1) prosecute his appeal with effect; and (2) pay the costs, if any, adjudged against him. If there is a breach in either respect, the obligation becomes absolute. The condition as stated in the general terms of the statute requires a success-

ful appeal; but the Orphans' Court may, when it is considered
desirable, make those general terms more specific, and graduate.
the security to the exigencies of the particular case, so as to
insure compensation for delays, etc.: Koch's Est., 4 R. 268;
Chew's App., 9 W. & S. 151; Commonwealth v. Judges, 10
Pa. 37; Commonwealth v. Judges, 102 Pa. 228. We are not
claiming prospective profits, but merely legal interest on the
sums detained from us by the appeals for the period of the de-
lay. The allegation that the costs had been paid is insufficient;
it should be stated when, how and to whom payment was made;
Mitchell on Motions & Rules, 66, 67.

### NO. 206.

OPINION, MR. JUSTICE CLARK:

On February 23, 1886, on the petition of Lewis A. Scott,
guardian, etc., proceedings in partition of certain real estate,
formerly of Richard Wistar, deceased, were instituted in the
Orphans' Court of Philadelphia. The partition was so pro-
ceeded in that the premises were subdivided into several allot-
ments, all of which, under the order of the said court, were
subsequently sold for prices amounting in the aggregate to
$205,200. When the sale came up for confirmation in the
Orphans' Court, Richard Wistar, the defendant in this case,
presented his petition, setting forth his interest as an heir at
law of Richard Wistar, deceased, and praying the court that
the sale might be set aside, and that he should be allowed to
take the several allotments at the valuation fixed by the in-
quest. His petition was refused, and he thereupon, on June
20, 1888, filed the usual affidavit, and entered into recogni-
zance of bail, with security in the usual form, for an appeal to
the Supreme Court. The amount of the recognizance is not
given, but it was conditioned according to the fifty-ninth sec-
tion of the act of March 29, 1832, P. L. 213, "to prosecute his
appeal with effect, and to pay all costs that may be adjudged
against him."

On the next day, a rule was entered to show cause why the
amount of the security should not be increased; and, on the
twenty-third day of June, 1888, upon hearing of the rule, it
was ordered and decreed that the bond previously given "be
vacated, and that said Richard Wistar, appellant, on or before

Opinions of the Court.

the eighth day of July next, perfect his said appeal by giving
bond or recognizance with sufficient surety to be approved by
the court, or one of the judges thereof, after due notice accord-
ing to the rule of court, in the sum of $50,000, conditioned
to prosecute his appeal with effect, and to pay all costs that
may be adjudged against him, and if the decree be affirmed,
or the appeal be discontinued or non pros'd, to pay all costs
and damages that may accrue to the appellees, or any of them,
by reason of his said appeal; and that, if security be not en-
tered as aforesaid within said time, the appeal to be disallowed
as incomplete and not perfected."

The defendant Richard Wistar, in order to obtain his said
appeal, was obliged to and did comply with the order, entering
into recogizance in the amount and according to the conditions
required, and his appeal was afterwards entered in the Su-
preme Court.   Upon argument, however, the decree of the Or-
phans' Court dismissing his petition was, on the 23d April,
1888, affirmed, and the appeal dismissed, at the cost of the
said appellant.   In this suit, upon the recognizance of bail,
the plaintiffs claim that by the affirmance of the decree the con-
dition of the recognizance was broken, and that, as the final
distribution of the fund realized from the sale was delayed by
the appeal, they are entitled by way of damages to the interest
which they might have made upon the money which would
have come to them in the course of distribution for one year,
with interest on the same from the date of the affirmance of
the decree, with the costs.   The learned judge of the court
below entered judgment upon a statement of claim to this ef-
fect, for want of a sufficient affidavit of defence, and this is the
error assigned.

The fifty-ninth section of the act of March 29, 1832, P. L.
213, relating to appeals from the Orphans' Court, provides as
follows: " Any person aggrieved by a definitive sentence or de-
cree of the Orphans' Court may appeal from the same to the
Supreme Court: provided, that the party appealing shall give
security by recognizance with sufficient surety, in the Orphans'
Court, or before one of the judges thereof, conditioned to pros-
ecute such appeal with effect, and to pay all costs that may be
adjudged against him, and shall make oath or affirmation that
the appeal is not intended for delay, which appeal, thenceforth,

shall stay all proceedings in the Orphans' Court until the same be determined in the Supreme Court, and the record be remitted to the Orphans' Court."

We have held in an opinion filed herewith, in Commonwealth v. Wistar, post 384, that in a suit upon a recognizance in the form prescribed by the statute, interest is not recoverable by way of damages. In that case, a fund arising from the sale of real estate under the same proceedings in partition had been paid into the Orphans' Court for distribution, and from the final order of distribution an appeal was entered in the Supreme Court, which was on hearing dismissed at the cost of the appellant, and the decree of distribution affirmed. If, in such case, interest was not recoverable, it only remains to determine the effect of the superadded words contained in the recognizance in this case, inserted in accordance with the order of the court, and to decide whether or not the Orphans' Court, in its discretion, may impose harder terms than are exacted by the statute.

It may be conceded that the amount of the security is in the discretion of the Orphans' Court: Commonwealth v. Judges, 10 Pa. 37; Koch's Est., 4 R. 268; and the judges of that court may increase the amount at any time whilst the record remains with them: Chew's App., 9 W. & S. 151. But, unless aided by the provisions of some other statute, there is no authority in the Orphans' Court to impose harder terms than are imposed by the fifty-ninth section of the act of March 29, 1832. The Orphans' Court undoubtedly has the power by statute, generally, to prevent mismanagement and waste by administrators, executors, guardians, and trustees: §§ 22, 23, act March 29, 1832, P. L. 195; and when, in certain cases this class of persons wish to avail themselves of an appeal in matters affecting the trust, and when the appeal may jeopardize the estate, the Orphans' Court may, by exacting additional security to that end, secure the faithful performance of official duty, and preserve the integrity of the trust during the pendency of an appeal. But, where the appellant has assumed no official duty, stands in no fiduciary relation, and owes no duty to the court, but desires to avail himself, in his own right, of a remedy which the law gives him, he can be held to no harder terms than the statute imposes.

Opinions of the Court.

As a general rule, where a statute prescribes the condition of a bond or recognizance upon which a legal remedy is given, and terms harder than the statute requires are exacted, the obligation is void, and the surety is discharged: Farmers Bank v. Boyer, 16 S. & R. 48; Beacom v. Holmes, 13 S. & R. 190; McKee v. Stannard, 14 S. & R. 380; Power v. Graydon, 53 Pa. 198; Hutton v. Helme, 5 W. 346. To the same effect, also, are King v. Culbertson, 10 S. & R. 325; Bolton v. Robinson, 13 S. & R. 193; Thomas v. Stewart, 2 P. & W. 475; Commonwealth v. Laub, 1 W. & S. 261; Donley v. Brownlee, 7 Pa. 109; Hellings v. Directors, 15 Pa. 409. If, however, the stronger obligation is voluntarily assumed, it is otherwise: Haines v. Levin, 51 Pa. 417; Slutter v. Kirkendall, 100 Pa. 307. Nor, does the surety stand on more advantageous ground than the principal. A variance of this sort, when it is available at all, may be pleaded at law, and therefore affords no room for the extraordinary interference of a chancellor: Farmers Bank v. Boyer, supra.

In Haines v. Levin, 51 Pa. 417, it is said, that "when a statutory condition is expressed, limiting the terms upon which a legal remedy is given, and harder terms are exacted than the statute requires, the recognizance or bond is void, as a departure to the prejudice of the rights of the party entitled to his redress, and the surety is discharged. It is different when the statutory obligation is given to secure the performance of a duty; then, if the vicious portion of the condition is severable from the remainder, the bond is valid as to the part which is good;" citing Commonwealth v. Laub, 1 W. & S. 261; Hellings v. Directors, 15 Pa. 409, and Shunk v. Miller, 5 Pa. 250.

This distinction is illustrated in the cases cited by the appellees. In Commonwealth v. Judges, 10 Pa. 37, an executor, by a decree of the Orphans' Court of Philadelphia, had been dismissed from his office for failure to give security for the faithful performance of his duties; whereupon, he tendered a recognizance, according to the statute referred to, amply sufficient to cover the costs, etc. But the court demanded security in $600,000, conditioned to prosecute his appeal with effect, pay all costs which might accrue, and for the faithful performance of his duties pending the appeal. He prayed a rule on the judges to show why mandamus should not issue, etc. The

return set forth that the relator had been dismissed for mismanagement; that the recognizance had been fixed to prevent waste, etc. In course of the opinion, Chief Justice GIBSON said: " With a decree against him, which is at least presumptive evidence of malversation, did the legislature intend that he should continue to administer the estate on no more than his original responsibility, perhaps for years during the pendency of the appeal, though the estate might be wasted or ruined before the determination of it? Certainly not. The appeal suspended the order for permanent security, but the legislature has directed the Orphans' Court to demand as a substitute for it security ad interim; and this was intended undoubtedly to secure the appellees against intervening waste. It is plain, therefore, that the general form of the condition prescribed must be moulded by interpretation, so as to reach the ends of justice in the particular proceeding."

Chew's App., 9 W. & S. 151, is to the same effect. In that case it had been adjudged that the appellant, who was an executor, was mismanaging the estate of his decedent, and it was ordered that he should give bail in the sum of $50,000. Failing to do so, he was dismissed from his office, and from this decree he entered an appeal to this court. Security was first entered in $100, but afterwards the Orphans' Court increased the amount of security required to $50,000. The appellant failing to give the security required, the appeal was dismissed. In Koch's Est., 4 R. 268, and in Commonwealth v. Judges, 102 Pa. 228, nothing more was decided than that the extent or amount of the security is within the discretion of the Orphans' Court. The generality of expression in Koch's Estate is calculated to mislead, perhaps, but, if read in the light of what has been said, it will be found to be entirely consistent with the general rule stated.

No trustee can complain that he is called upon by the court having control of his accounts, pending his appeal and when he is under a charge of mismanagement, to secure the faithful performance of his duty. But the increased obligation of this recognizance was not inserted to insure the discharge of official duty. Richard Wistar was not a trustee; he owed no duty of a fiduciary nature to the court or to the appellees, in respect of the estate, or of the fund afterwards for distribution. He

was one of the heirs at law of Richard Wistar, deceased, and
was a party to the partition, and as a party was entitled to avail
himself of all the rights and remedies which the law afforded
him, upon such terms as the law prescribed.  The amount of,
the recognizance, under this section of the act of 1832, is sub-
ject to the discretion of the Orphans' Court, or one of the
judges thereof, whilst in appeals from decrees distributing the
proceeds of sheriffs' sales of real or personal property, and the
proceeds of sales by an assignee for creditors, etc., the amount
of the recognizance is subject to the discretion of the Common
Pleas or one of the judges thereof; and we can see no reason
for supposing that any greater powers are conferred in the one
case than in the other, for the words of the respective statutes
are substantially the same.  To hold that in either or any of
such cases the unsuccessful appellant might be held liable in
damages in an action upon the recognizance to each and all of
the persons interested, for the interest accruing during the pend-
ing of the appeal as damages for the appeal, would be a mon-
strous wrong, and would operate in many cases as an absolute
denial of justice.  We are of opinion that the Orphans' Court
had no power to impose such terms as were contained in the
order of June 23, 1888, and that the recognizance exacted
from the defendant in this case as a condition of obtaining
the appeal was void.

The judgment is reversed.

## NO. 207.

OPINION, MR. JUSTICE CLARK:

The real estate formerly of Richard Wistar, deceased, under
proceedings in partition in the Orphans' Court of Philadelphia,
was sold upon the order of that court; the sales were confirmed,
and the proceeds, $203,450, were paid into court for distribu-
tion by S. W. Reeves, the trustee.  In the distribution which
followed, certain sums were, on December 6, 1888, awarded by
the Orphans' Court to the persons to whose use this suit is
brought, to be paid out of the fund, viz.:  To William L. Elk-
ins and Peter A. B. Widener, the sum of $93,580.98; to Sarah
W. Gillilan, $15,596.83; and to Lillie Hopkinson the interest
upon $15,596.83 for life, etc.  On the 19th December, 1888,
Richard Wistar and William Lewis Wistar, who were parties

interested, entered into recognizance in due form, and each took an appeal from the final order of distribution to the Supreme Court, filing the usual affidavit that the same was not intended for delay.

These separate appeals were subsequently so proceeded in that on the 15th April, 1889, the decree of distribution was in each case affirmed, and the appeals dismissed at the cost of the appellants, respectively. This suit is brought upon the two several recognizances given at the time the appeals were taken, each in the sum of $10,000, and in which the appellants each became the surety of the other.

The recognizances are conditioned in the exact words of the fifty-ninth section of the act of March 29, 1832, P. L. 213, that the appellant "shall prosecute his appeal with effect, and pay all costs that may be adjudged against him." In the statement of claim the plaintiffs aver that, by reason of said appeals having been entered, the order for distribution and payment of the money thereunder was stayed; that the fund in court was deposited, pending the appeals, with the bankers of the court, and bore interest at the rate of two per cent only; that by this means the persons to whom the money was awarded lost the use of their money; that the condition of the recognizance was broken, and an action hath accrued to the use of plaintiffs to demand and have the interest at the rate of four per cent on the respective sums awarded to them in the distribution, from the date of the appeals to the date of the affirmance of the decree.

It is contended that the appellants did not prosecute their respective appeals with effect, and that they are therefore liable for loss or damage sustained by the appellees therein, in consequence of the appeals. The condition of the recognizance is that the appellant "shall prosecute his appeal with effect, and pay all costs that may be adjudged against him." The appellees' contention is that two distinct things must be done to comply with the condition; the appeal must be prosecuted with effect, and, in addition to this, the costs, if any, adjudged against the appellant, must be paid. But it is plain, if he does prosecute his appeal with effect, no costs would ordinarily be adjudged against him; costs would be adjudged against him only if he failed to prosecute the appeal with effect. The condition, therefore, in effect creates an alternate obligation, viz., that the

appellant will prosecute his appeal with effect, and, failing to do so, will pay all costs which shall be adjudged against him.

Precisely the same form of recognizance is provided for in the ninety-first section of the act of June 16, 1836, P. L. 778, relating to appeals from distributions of the proceeds of sheriffs' sales; also, in the thirty-sixth section of the act of June 14, 1836, P. L. 636, relating to appeals from the distribution of assigned estates in the hands of trustees; also, in the forty-third section of the act of June 13, 1836, P. L. 601, relating to distributions in cases of domestic attachments; and the same form of recognizance is also, by the first section of the act of March 17, 1845, P. L. 158, directed to be taken in certain appeals from interlocutory and final decrees in equity.

No authority has been cited to show that in any of the very numerous cases arising under these various sections has it ever been contended, much less decided, that a recognizance in this form is to have the construction contended for in this case. On the contrary, Johnson v. Hessel, 134 Pa. 315, was an action upon a recognizance of bail in error, taken under the seventh section of the act of 1836, in such form as to be a supersedeas. The condition was "that the above-named plaintiff in error prosecute his writ of error with effect; and, if judgment be affirmed, or the writ of error be discontinued or non pros'd, that he pay the debt, damages, and costs adjudged or accrued upon such judgment, and all other damages or costs that may be awarded upon such writ of error," etc. The action in the court below was an ejectment, and the plaintiffs' claim in the suit on the recognizance was that, as the judgment of the Common Pleas had been affirmed by the Supreme Court, he was entitled by way of damages to the rental value of the premises during the pendency of the writ of error. The plaintiffs there, as here, contended that such damages were the natural, proximate, and orderly result of the writ of error; "otherwise," they argued, "an owner of property is helpless against an irresponsible person in the wrongful use and occupation of his premises, as by merely purchasing a writ of error, and discontinuing it when reached for argument in the Supreme Court, he may occupy the premises for the intervening time without payment of rent." But this court held that the recognizance, although the plaintiff in error did not prosecute his writ of error with effect,

did not bind the obligors to pay the rental value of the premises during the pendency of the writ of error; that such damages, not being included in the judgment, nor awarded upon the writ of error, were within neither the letter nor spirit of the condition stated in the recognizance.

The fund for distribution in the case now under consideration was $203,450. It was not in the hands of Richard and William Lewis Wistar; it was paid into court; the defendants had no control over or use of the money. They were by these appeals denied the use of the amount awarded to themselves, and suffered the same proportionate loss as the other distributees. The law secured to them the right of appeal, and they were entitled to exercise that right. If, in the distribution of a fund in the Orphans' Court or in the hands of an assignee for creditors, or of a fund arising from a sheriff's sale of either real or personal estate, an appellant, upon failure to sustain his appeal, is to be held liable for the interest accruing upon the whole fund for distribution, there would, in many cases, be a practical denial of justice; for, whilst the creditor's claim may be less than $500, the fund for distribution may be $500,000, and in such case the risks incurred would be too great to justify the creditor in asserting his claim. The adoption of such a measure of liability as is here contended for would result in the most monstrous injustice.

The affidavit of defence does not set forth the matters of defence in as direct and specific form and manner as might have been done, but it contains enough to show at least a partial defence. If the costs have not been paid, they may be recovered at the trial.

> The judgment is reversed, and a procedendo awarded.